UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FEDERAL HOME LOAN MORTGAGE CORPORATION,

       Plaintiff,

v.                                 **ORDER**
                                   Civil File No. 13-1243 (MJD/AJB)

ROBI J. BRIGGS, et al.,

       Defendants.

---

Curt N. Trisko, Schiller & Adam, P.A., Counsel for Plaintiff.

William B. Butler, Butler Liberty Law, LLC, Counsel for Defendants.

---

On August 29, 2013, Chief United States Magistrate Judge Arthur J. Boylan granted in part and denied in part Plaintiff's Motion to Remand with Costs and Fees [Docket No. 4] by granting the motion to remand and denying the request for costs and fees. [Docket No. 18] Defendants filed an objection to the August 29 Order. [Docket No. 20]

Assuming without deciding that a motion to remand is dispositive[1], the Court has conducted a <u>de novo</u> review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court **ADOPTS** the August 29 Order [Docket No. 18].

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand with Costs and Fees [Docket No. 4] is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff's motion to remand is **GRANTED** and Plaintiff's request for costs and fees is **DENIED**.

2. This action is REMANDED to the District Court for the First Judicial District, Carver County, Minnesota.


Dated:  September 24, 2013            <u>s/ Michael J. Davis            </u>
                                      Michael J. Davis
                                      Chief Judge
                                      United States District Court

---

[1] <u>Compare</u> <u>Moline Machinery, Ltd. v. Pillsbury Co.</u>, 259 F. Supp. 2d 892, 895 n.1 (D. Minn. 2003) ("Within this District, and within this Circuit, Motions to Remand a State Court proceeding, whose removal to Federal Court has been effected, are recognized as nondispositive Motions, which are within the referral jurisdiction to this Court . . . .") (citing cases), <u>with</u> <u>Williams v. Beemiller, Inc.</u>, 527 F.3d 259, 265-66 (2d Cir. 2008) (holding that motion to remand should be treated as a dispositive motion).