UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Plaintiff,

v.                            **ORDER**
                             Civil File No. 13-1243 (MJD/AJB)

ROBI J. BRIGGS, et al.,

    Defendants.

Curt N. Trisko, Schiller & Adam, P.A., Counsel for Plaintiff.

William B. Butler, Butler Liberty Law, LLC, Counsel for Defendants.

      On August 29, 2013, Chief United States Magistrate Judge Arthur J. Boylan granted in part and denied in part Plaintiff's Motion to Remand with Costs and Fees [Docket No. 4] by granting the motion to remand and denying the request for costs and fees. [Docket No. 18] Defendants filed an objection to the August 29 Order. [Docket No. 20]

Assuming without deciding that a motion to remand is dispositive[1], the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court **ADOPTS** the August 29 Order [Docket No. 18].

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand with Costs and Fees [Docket No. 4] is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff's motion to remand is **GRANTED** and Plaintiff's request for costs and fees is **DENIED**.

2. This action is REMANDED to the District Court for the First Judicial District, Carver County, Minnesota.

Dated:  September 24, 2013          s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court

---

[1] Compare Moline Machinery, Ltd. v. Pillsbury Co., 259 F. Supp. 2d 892, 895 n.1 (D. Minn. 2003) ("Within this District, and within this Circuit, Motions to Remand a State Court proceeding, whose removal to Federal Court has been effected, are recognized as nondispositive Motions, which are within the referral jurisdiction to this Court . . . .") (citing cases), with Williams v. Beemiller, Inc., 527 F.3d 259, 265-66 (2d Cir. 2008) (holding that motion to remand should be treated as a dispositive motion).